# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HARLEY SITSLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08-CV-592-PJC |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The Tenth Circuit Court of Appeals' ORDER AND JUDGMENT dated January 10, 2011 reversed this Court's Order affirming the administrative denial of Plaintiff's application for Social Security disability benefits. Plaintiff now brings a Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) ("Plaintiff's Motion," Dkt. #33). Plaintiff requests EAJA fees of $11,694.00. Defendant objects to Plaintiff's Motion, arguing that the government's position was "substantially justified," and that therefore EAJA fees should not be awarded. Defendant's Response (Dkt. #34).

An EAJA fee is awarded if: "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). The only dispute here is whether the position of the Commissioner was "substantially justified," and, under EAJA, the burden is on the government to establish this. *Hackett*, 475 F.3d at 1172.

In the present case, Plaintiff appealed this Court's earlier order on the basis that the

administrative law judge ("ALJ") had improperly evaluated his credibility and the medical opinions and because the ALJ's Step Five determination was not supported by substantial evidence. *Sitsler v. Astrue*, 2011 WL 62834 at *4 (10th Cir.) (unpublished). The Tenth Circuit reversed because in evaluating Sitsler's credibility, the ALJ "failed to discuss particularly probative, uncontroverted evidence and mischaracterized other evidence in the record." *Id*. Moreover, the Tenth Circuit held that the errors in the credibility assessment affected the ALJ's evaluation of the treating physician opinion evidence. *Id*.

The Commissioner urges in his Response that his position was substantially justified because there was a genuine dispute about whether the ALJ's decision was supported by substantial evidence. Because reasonable people could differ on that issue, the Commissioner argues that his position was substantially justified.

This argument by the Commissioner does not meet the government's burden to show that its position was substantially justified. The Tenth Circuit specifically found that the ALJ had ignored uncontroverted evidence that was required to be considered in evaluating Sitsler's credibility and had mischaracterized other evidence. *Id*. at *4-5. In a Social Security disability case the Tenth Circuit has stated that "the fact that one other court agreed with the Commissioner, standing alone, does not establish that his position was substantially justified. [Citation omitted.] Because he offered no other argument of substantial justification, he failed to carry his burden." *Chester v. Apfel*, 1 Fed. Appx. 792, 794 (10th Cir. 2001) (unpublished), *citing Pierce v. Underwood*, 487 U.S. 552, 559 (1988). Here, the Commissioner's argument that his position was substantially justified was almost wholly based on this Court's agreement with the underlying arguments before appeal to the Tenth Circuit, and as the court in *Chester* stated, that

2

argument fails to carry the government's burden.

The Commissioner made no objection to the amount of the EAJA fees requested by Plaintiff's counsel. The Court finds that the requested fees are reasonable, and the Court therefore grant's Plaintiff's Motion. (Dkt. #33). The Court awards Plaintiff EAJA attorney fees of $11,694.00. If Plaintiff's counsel ultimately receives attorney fees pursuant to 42 U.S.C. 406(b), he must refund the smaller of the EAJA fees or the Section 406(b) award to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 4th day of May, 2011.

_____
Paul J. Cleary
United States Magistrate Judge